*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0135P (6th Cir.)
File Name: 04a0135p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

*v.*

Nos. 02-6192/6193

ELIZABETH ANN LENTSCH
(02-6192); TIMOTHY JOSEPH
MELLEN (02-6193),
*Defendants-Appellants.*

———————————

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 02-00047—C. Clifford Shirley, Jr., Magistrate Judge.

Argued: March 19, 2004

Decided and Filed: May 12, 2004

Before: KENNEDY, ROGERS, and COOK, Circuit
Judges.

———————————

## COUNSEL

**ARGUED:** John E. Eldridge, ELDRIDGE, IRVINE &
GAINES, Knoxville, Tennessee, Mike Whalen, Knoxville,
Tennessee, for Appellants. Harry S. Mattice, Jr., UNITED

1

STATES ATTORNEY, Chattanooga, Tennessee, for
Appellee. **ON BRIEF:** John E. Eldridge, ELDRIDGE,
IRVINE & GAINES, Knoxville, Tennessee, Mike Whalen,
Knoxville, Tennesse, for Appellants. Harry S. Mattice, Jr.,
UNITED STATES ATTORNEY, Chattanooga, Tennessee,
for Appellee.

———————————

## OPINION

———————————

ROGERS, Circuit Judge. Timothy Mellen and Elizabeth
Lentsch were convicted of trespassing on Department of
Energy property in violation of 42 U.S.C. § 2278a(c) and 10
C.F.R. §§ 860.3 and 860.5.[1] They appeal their convictions,

———————————

[1] 42 U.S.C. § 2278a provides the statutory authority for the
regulations enforced in this case. The statute provides:

> (a) The [Atomic Energy] Commission is authorized to issue
> regulations relating to the entry upon . . . any facility,
> installation, or real property subject to the jurisdiction,
> administration, or in the custody of the Commission. . . .

> (b) Whoever shall willfully violate any regulation of the
> Commission issued pursuant to subsection (a) of this section
> shall, upon conviction thereof, be punishable by a fine of not
> more than $1,000.

> (c) Whoever shall willfully violate any regulation of the
> Commission issued pursuant to subsection (a) of this section
> with respect to any installation or other property which is
> enclosed by a fence, wall, floor, roof, or other structural barrier
> shall be guilty of a misdemeanor and upon conviction thereof
> shall be punished by a fine of not to exceed $5,000 or to
> imprisonment for not more than one year, or both.

The functions of the Atomic Energy Commission have been transferred
to the Administrator of the Energy Research and Development
Administration, *see* 42 U.S.C. § 5814(c), and thence to the Secretary of
Energy, *see* 42 U.S.C. § 7151(a). The parties on appeal in this case refer

arguing that they were deprived of due process because the information failed to allege an essential element of 10 C.F.R. § 860.5— that the property they entered upon was "enclosed." The defendants also argue that there was insufficient evidence to support their convictions and that the trial court erred in refusing their request for a jury instruction defining "enclosed." We affirm, as the information provided constitutionally adequate notice of the charges against the defendants, the evidence was sufficient to permit a rational trier of fact to find beyond a reasonable doubt the elements of

---

to the agency's implementing regulation rather than to the statute. The regulation follows the statute's penalty provision precisely, with the exception of the amounts of maximum fines:

10 C.F.R. § 860.3 -- Trespass.

Unauthorized entry upon any facility, installation or real property subject to this part is prohibited.

10 C.F.R. § 860.5 -- Violations and penalties.

(a) Whoever willfully violates . . . § 860.3 . . . shall, upon conviction, be guilty of an infraction punishable by a fine of not more than $ 5,000.

(b) Whoever willfully violates . . . § 860.3 . . . with respect to any facility, installation or real property enclosed by a fence, wall, floor, roof, or other structural barrier shall upon conviction, be guilty of a Class A misdemeanor punishable by a fine not to exceed $ 100,000 or imprisonment for not more than one year, or both.

The regulation was amended in 1993 to increase the fine amounts from $1000/$5000 to $5000/$100,000 "to recognize the effect by operation of law of the Criminal Fine Improvements Act of 1987." 58 Fed. Reg. 47984 (Sept. 14, 1993). The amount of the maximum fines makes no difference to the instant case. For convenience we therefore refer, like the parties, to the regulation rather than to the statute in discussing the requirements for imprisonment. We recognize, however, that those requirements are actually prescribed by statute.

the offense, and the jury instructions fairly and adequately submitted the issue of enclosure to the jury.

On April 14, 2002, the defendants took part in a demonstration at the Y-12 National Security Complex ("Y-12 Complex") in Oak Ridge, Tennessee.[2] The Y-12 Complex is protected by three rings of security, arranged like a target. The central area — the bull's-eye — is protected by a ring of six to eight foot chainlink fences, topped with barbed wire. This area is accessible only through controlled access turnstiles or roads manned by armed guards. This bull's-eye is surrounded by a second ring of fencing, and access into that ring is similarly controlled. The outer ring of the target ("the blue line fence"), however, is bounded by a simpler fence, which consists of posts strung with three barbed wires. "No Trespassing" signs are posted at specified intervals, as well as at all entrances. For obvious reasons, the barbed wire fencing does not extend over the complex's access roads. Instead, a blue line is painted across the pavement, demarcating the boundary of the outer ring. On the day of the demonstration, the Y-12 Complex officials erected steel barriers on the blue line. The barriers served the dual purposes of clearly marking the boundaries of the Y-12 Complex and providing additional security against unauthorized entry.

During the demonstration, four individuals — including the defendants — entered the outer ring of the Y-12 Complex without permission. In doing so, the individuals defied warnings not to cross the barriers and ignored security guards' instructions to retreat. The individuals were arrested and charged with trespassing on Department of Energy property in violation of 10 C.F.R. §§ 860.3 and 860.5. 10 C.F.R. § 860.3 prohibits unauthorized entry upon certain properties,

---

[2]The Y-12 Complex is owned and operated by the National Nuclear Security Administration, a component of the United States Department of Energy. The demonstration was in protest against the United States' production of nuclear weapons.

including the Y-12 Complex, that are subject to the jurisdiction or administration of the Department of Energy. *Id. See also* 10 C.F.R. § 860.2. The potential penalties for violating 10 C.F.R. § 860.3 are set forth in 10 C.F.R. § 860.5, which provides:

> (a) Whoever willfully violates . . . § 860.3 . . . shall, upon conviction, be guilty of an infraction punishable by a fine of not more than $5,000.
>
> (b) Whoever willfully violates . . . § 860.3 . . . with respect to any facility, installation or real property enclosed by a fence, wall, floor, roof, or other structural barrier shall upon conviction, be guilty of a Class A misdemeanor punishable by a fine not to exceed $100,000 or imprisonment for not more than one year, or both.

The defendants proceeded to a jury trial before a magistrate judge. At trial, the defendants did not dispute the fact that they entered onto the Y-12 Complex. Instead, they attempted to establish that the Y-12 Complex was not "enclosed" by a structural barrier. Whether the complex was so enclosed was pertinent because the potential penalty for a trespass upon a facility that is "enclosed by a fence, wall, floor, roof, or other structural barrier" is greater than the potential penalty for trespass on a facility that is not so enclosed. *See* 10 C.F.R. § 860.5.

William J. Brumley, the manager of the Y-12 Complex, testified concerning the physical security measures in place at the complex. According to Brumley, security was greatest at the innermost circle of fencing, with the sophistication of the barriers decreasing with their distance from the complex center. Bromley testified that the blue line fence, which was the least sophisticated of the three sets of fences, was not designed to provide an impenetrable barrier. Instead, the blue line fence was designed to provide notice of the existence of the boundary and the legal consequence of crossing it. Brumley conceded on cross-examination that he had not

walked the twelve mile perimeter of the blue line fence, and that he could not testify that no part of the fence was down or broken. He also stated, however, that the fence was patrolled monthly, and that if portions of the fence were down without a legitimate reason (such as construction), the fence would be repaired.

At the close of the Government's case, the defendants moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29. The defendants contended that the information did not sufficiently charge them with trespassing on an enclosed facility as required for a violation of 10 C.F.R § 860.5 and that, in any event, the Government had failed to establish that the Y-12 Complex was "enclosed." The trial court denied the motion, finding that the information was constitutionally sufficient and that even if it had been technically insufficient, any error was harmless.

The magistrate declined requests by both parties for instructions on the meaning of the term "enclosed," stating "I think the jury can determine and know what 'enclosed' means in this particular instance, and since the statute does not define it, I don't believe Webster's should." The jury was charged to consider both "trespass on enclosed property" and the lesser offense of "simple trespass." The jury also received a two-part verdict form which required them to consider the two offenses separately. *Id.*

The jury found the defendants guilty of the offense of "trespass on enclosed property." Each defendant was sentenced to a term of imprisonment for two months followed by a one year term of supervised release. The defendants timely filed their notices of appeal.

The magistrate judge correctly concluded that the information sufficiently charged the defendants with

aggravated trespass.[3] An information "adequately charges an offense if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of 'what he must be prepared to meet,' and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution." *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 579 (6th Cir. 2002). These requirements are rooted in the Fifth Amendment's Due Process and Double Jeopardy Clauses and the Sixth Amendment's Notice Clause, and are designed to ensure that defendants have sufficient notice of the charges against them to permit them to prepare a defense. *Id.* at 580.[4] In reviewing the sufficiency of an information, we must determine whether the omission complained of deprived the defendant of the protections the information was meant to ensure. *See United States v. Superior Growers Supply, Inc.*, 982 F.2d 173, 176-77 (6th Cir. 1992).[5]

---

[3]This court reviews de novo whether an indictment (or information) adequately charges an offense. *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 578-79 (6th Cir. 2002).

[4]The Fifth Amendment's Grand Jury Clause is not implicated here, as the defendants were charged with misdemeanor trespassing.

[5]We reject the parties' contention that the alleged deficiency in the information should be analyzed under the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and its progeny, inasmuch as the issue of whether the Y-12 complex was enclosed was submitted to the jury and determined beyond a reasonable doubt. Although the Supreme Court in *Apprendi* did comment incidentally that any fact—other than a prior conviction—must be charged in an indictment, *id.* at 476, it specifically cautioned that Apprendi had not claimed a constitutional violation based on the indictment's failure to specify a fact that could subject him to an increased sentence. *Id.* at 477 n.3. Instead, *Apprendi* clarified that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum *must be submitted to a jury and proved beyond a reasonable doubt.*" *Id.* at 490 (emphasis added). Indeed, the principles applied in evaluating alleged *Apprendi* errors are unhelpful in this case. For example, in *United States v. Stewart*, 306 F.3d 295 (6th Cir. 2002), we concluded that the sentences imposed on two defendants

There is no merit to the defendants' contention that the information's failure to track exactly the language of 10 C.F.R. § 860.5(b) deprived them of due process. The information charged that the defendants "did wilfully and without authorization enter upon the Y-12 National Security Complex . . . by crossing a structural barrier of the Y-12 National Security Complex. [10 C.F.R. §§ 860.3 and 860.5(b)] [42 U.S.C. § 2278a(c)]" (brackets in original). The defendants claim that, because the information did not include the phrase "enclosed by a fence, wall, roof or other structural barrier," it failed to charge them with the elements of aggravated trespass under 10 C.F.R § 860.5(b). But due process does not require a recitation of the statute; it requires only that the information as a whole set forth the critical details of the offense charged. For instance, in *United States v. Martinez*, 981 F.2d 867 (6th Cir. 1992), we found that a citation to the relevant statute provided sufficient notice of the elements of the charged offense, even though the indictment did not explicitly state the willfulness element of the crime. *Id.* at 871-72. And in *United States v. Forbes*, 16 F.3d 1294 (1st Cir. 1994), the court held that even though "statutory citation, standing alone, cannot substitute for setting forth the elements of a crime, it may reinforce other references in the indictment so as to render it valid." *Id.* at 1297.

Here, the information's reference to a structural barrier clearly indicates aggravated trespass as defined by 10 C.F.R.

---

violated *Apprendi* because a judge, rather than a jury, determined the drug quantities for which the defendants were sentenced. *Id*. at 314-15. We further held that such violations were subject to harmless error review, and that the reviewing court should consider whether the omitted fact was supported by uncontroverted evidence, or whether the evidence was so overwhelming that a jury would have found the fact beyond a reasonable doubt. *Id*. at 324. An inquiry into what a jury *would have found* is inappropriate in this case, however, as a jury *did find* that the Y-12 complex was enclosed. Accordingly, we find it appropriate to review the information's alleged deficiency under principles developed for that purpose rather than to try and shoehorn the defendants' claim into the *Apprendi* analysis.

§ 860.5(b) rather than simple trespass under 10 C.F.R. § 860.5(a), because the presence of a structural barrier is not relevant to simple trespass. As the magistrate judge correctly held, the information satisfied the requirements of due process because

> the wording of the information, its use of the unique "structural barrier," plus its clear reference to the specific charging regulation of 10 C.F.R. 860.5(b), which established the specific condition and increased penalty, sufficiently reinforced the information references and put the defendants on notice of the charges and allowed defendants to prepare a strong defense on this very issue and was sufficiently specific so as to enable the defendants to plead double jeopardy in any subsequent proceeding if charged with the same crime on the same facts.

Even assuming that the information was technically deficient, however, the error was harmless, because the defendants had actual notice of the charges against them and have not demonstrated that they were prejudiced by the omission. The jury was actually instructed on the elements of aggravated trespass and specifically found those elements beyond a reasonable doubt. The historic "drift of the law away from the rules of technical and formalized pleading" culminated in Federal Rule of Criminal Procedure 52(a), which provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." *Russell v. United States*, 369 U.S. 749, 762 (1962). Accordingly, "convictions are no longer reversed because of minor and technical deficiencies which d[o] not prejudice the accused." *Id*. at 763. Harmless error analysis clearly applies to the alleged insufficiency of an indictment. *Id*.; *Cor-Bon Custom Bullet*, 287 F.3d at 580. As noted by the magistrate judge,

> There has been no claim of prejudice, there has been no claim that the Defendants were not informed of the

> charges so as to prepare a defense, nor has any failure prevented the Defendants from preparing an excellent and well orchestrated defense, including probing and virtually continual cross-examination of the Government's witnesses on whether this facility was enclosed.

> In fact the Defendants' whole trial defense has virtually been with regard to that issue, therefore, the Defendants have not proven prejudice nor even alleged it, and the record indicates full knowledge of and preparation for this charge.

The defendants' other allegations of error do not warrant extensive consideration. First, the magistrate did not err in failing to give a definition of the term "enclosed" because there is no indication that 10 C.F.R. § 860.5(b) uses the term "enclosed" in a technical rather than commonsense manner. During the charge conference, the parties submitted competing instructions defining the term "enclosed." The magistrate properly concluded that jurors were capable of determining what "enclosed" means and rejected both proposed instructions. As we stated in *United States v. Mack*, 159 F.3d 208 (6th Cir. 1998), a trial court "need not define familiar English words when the jury can appreciate their meaning without special knowledge." *Id*. at 217. Second, viewing the facts in the light most favorable to the prosecution, a rational jury could have found the essential elements of aggravated trespass beyond a reasonable doubt. *See United States v. Kelly*, 204 F.3d 652, 656 (6th Cir. 2000).

For the foregoing reasons, we AFFIRM the judgment of the district court.