UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                  No. 03-4699

EDGARDO OSCAR NIEVES, JR.,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Richard D. Bennett, District Judge.
(CR-02-68-RDB)

Submitted: April 28, 2004

Decided: September 8, 2004

Before WIDENER, LUTTIG, and SHEDD, Circuit Judges.

---

Reversed by unpublished per curiam opinion.

---

## COUNSEL

David W. Fischer, LAW OFFICES OF FISCHER & PUTZKI, P.A., Glen Burnie, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Debra L. Dwyer, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Edgardo Oscar Nieves, Jr., appeals his jury conviction of possessing a machinegun, in violation of 18 U.S.C. § 922(o)(1) (2000), for which he was sentenced to twenty-one months in prison. We reverse.

In February 2002, a District of Maryland Grand Jury returned a one-count indictment against Nieves that read as follows:

> the defendant did knowingly and unlawfully possess a machinegun, to wit: a Norinco 7.62 x39mm rifle, serial number 9205229, modified to shoot automatically more than one shot, without manual reloading, by a single function of the trigger, in violation of Title 18, United States Code, 922(o)(1).

Under 26 U.S.C. § 5845(b) (2000), the term "machinegun," which is the heart of this appeal, is defined in the following manner:

> The term "machinegun" means any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

The Government's theory of the case was that Nieves illegally possessed a specific Norinco 7.62 x39mm AK-47, serial number 9205229 ("AK-47"), which was functional as found by Government agents during a search of the guesthouse at Nieves's parents' farm. The Government's theory further provided that when the gun was discovered by agents, it was already modified by Nieves to fire more than one shot with each trigger squeeze, thereby making it a "ma-

chinegun." Nieves accomplished this, the Government argued, by intentionally modifying the gun's hammer. Nieves's theory of the case was that he did not "possess" the AK-47 because he had abandoned it by the time Government agents found it. During the Government's presentation of evidence, it introduced a collection of various gun parts. These parts were also found by Government agents during their search of the guesthouse.

After the close of evidence, Nieves objected to a proposed jury instruction as it related to the definition of a "machinegun" under 26 U.S.C. § 5845(b). The Government requested that the complete legal definition of "machinegun" be read to the jury, including the last sentence of § 5845(b), which refers only to gun "parts." Nieves argued that the indictment only charged him with possession of a specific AK-47; it did not state that he violated federal law through possession of gun parts. Therefore, Nieves urged the court to omit the last sentence of § 5845(b) when defining "machinegun" to the jury. The district court rejected Nieves's request and charged the jury with the full definition of a machine gun under § 5845(b), including the disputed "parts" sentence.

Nieves filed a post-trial motion under Fed. R. Crim. P. 33, arguing that the indictment was impermissibly broadened or "constructively amended" by the jury instruction on the definition of a "machinegun." Nieves argued that the jury could have convicted him solely because he possessed machine gun parts, whereas the indictment specified only the possession of a specific, functioning AK-47, already modified by Nieves to fire automatically. The district court denied the motion. Nieves timely noted an appeal. On appeal, Nieves again argues that the indictment was constructively amended by the jury instruction on the definition of "machinegun," requiring reversal of his conviction. The Government maintains that the jury instruction was proper and that no constructive amendment occurred.

The Fifth Amendment to the United States Constitution states: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. CONST. amend. V. The purpose of this "Grand Jury Clause" is to provide a check on the prosecutorial power of the State by ensuring that only an independent and neutral body of defendant's peers can

frame the factual contours of the alleged criminal activity. *See United States v. Stirone*, 361 U.S. 212, 217-19 (1960). Because only a grand jury has the constitutional authority to frame an indictment, any subsequent actual or "constructive" expansion in the reach of the indictment is impermissible. Thus, "[w]here an essential element of the charges has been altered without resubmission to the grand jury, 'deprivation of such a basic [constitutional] right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error.'" *United States v. Zingaro*, 858 F.2d 94, 98 (2d Cir. 1988) (quoting *Stirone*, 361 U.S. at 217).

We recently summarized the "constructive amendment" doctrine in the following manner:

> A defendant may only be tried on charges alleged in an indictment, and only "the grand jury may broaden or alter the charges in the indictment." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (internal quotation and citation omitted). An indictment is constructively amended "when the essential elements of the offense . . . are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990); *see also United States v. Floresca*, 38 F.3d 706, 710 (4th Cir. 1994) [(en banc)] ("A constructive amendment to an indictment occurs when either the government, [the court], or both, broadens the possible bases for conviction beyond those presented by the grand jury.").

*United States v. Bolden*, 325 F.3d 471, 493 (4th Cir. 2003). A constructive amendment is reversible error "per se," even if there was sufficient evidence to convict the defendant on the specific charges made out by the grand jury. *Floresca*, 378 F.3d at 711. An indictment "may not be amended except by resubmission to the grand jury, unless the change is merely a matter of form." *Russell v. United States*, 369 U.S. 749, 770 (1962).

Guided by these principles, we conclude that the indictment charging Nieves with violating § 922(o)(1) was constructively amended by the jury charge, in combination with the introduction of the gun parts

evidence. The gun parts evidence, coupled with the jury charge, impermissibly broadened the basis for conviction beyond that specified in the grand jury indictment. *See Stirone*, 361 U.S. at 217-18; *United States v. Leichtnam*, 948 F.2d 370, 375-81 (7th Cir. 1991). We therefore reverse Nieves's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REVERSED*