*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 06a0396p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

SAMUEL LEE WILLIAMS,

    *Petitioner-Appellee,*

    *v.*

No. 05-3986

JAMES HAVILAND, Warden,

    *Respondent-Appellant.*

Appeal from the United States District Court
for the Northern District of Ohio.
No. 04-07054—Ann Aldrich, District Judge.

Argued: June 7, 2006

Decided and Filed: October 26, 2006

Before: MARTIN, MOORE, and ROGERS, Circuit Judges.

---

**COUNSEL**

**ARGUED:** M. Scott Criss, OFFICE OF THE ATTORNEY GENERAL, Columbus, Ohio, for Appellant. David L. Doughten, Cleveland, Ohio, for Appellee. **ON BRIEF:** Bruce D. Horrigan, OFFICE OF THE ATTORNEY GENERAL, Cleveland, Ohio, for Appellant. David L. Doughten, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. This case requires us to consider whether *Apprendi v. New Jersey*, 530 U.S. 466 (2000), overturned the repeated holding of the Supreme Court, *see, e.g.*, *Rose v. Mitchell*, 443 U.S. 545, 557 n.7 (1979), that the Fifth Amendment grand jury right, U.S. CONST. amend. V, was not incorporated by the Fourteenth Amendment, U.S. CONST. amend. XIV, and thus does not apply to state prosecutions. Relying on *Apprendi*, the district court granted Petitioner-Appellee Samuel Williams's habeas petition on the ground that the indictment was constitutionally deficient under the Fifth Amendment grand jury right and the Sixth Amendment jury trial and notice rights because it failed to specify one of the essential elements of the charged offenses — specifically, the mens rea requirement. The government appealed, arguing that the district court erred in relying on *Apprendi* because that decision did not address the sufficiency of the indictment nor did it extend the Fifth Amendment grand jury right to state prosecutions. Because we agree that *Apprendi* had no effect on the constitutional requirements for indictments utilized in

1

state prosecutions, we **REVERSE** the grant of habeas relief and **REMAND** for the district court to consider the remainder of Williams's habeas petition.

## I.  BACKGROUND

On March 29, 2000, Williams was involved in the firebombing of a house in an effort to recover stolen cocaine.  Williams and several other individuals hatched a plan to have two Molotov cocktails made with gasoline thrown into the house to prompt the suspected thief Rodney Bundley to flee the house with the cocaine, at which time the group planned to repossess the drugs.  Williams and the others carried out this plan.  Although Bundley evacuated the home, the ensuing fire killed four children and Bundley's fiancée.

On April 19, 2000, Williams was indicted by a grand jury on seven counts:  one count of complicity in aggravated arson in violation of OHIO REV. CODE § 2909.02(A)(1), one count of complicity in aggravated robbery with a firearm specification in violation of OHIO REV. CODE §§ 2911.01(A)(1) and 2941.141(A), and five counts of complicity in aggravated murder with death specifications in violation of OHIO REV. CODE § 2903.01(B).  The jury found Williams guilty on all counts and recommended a life sentence without parole.  On February 28, 2001, the trial court accepted the recommendation and imposed a sentence of life imprisonment without parole on merged counts three through seven.  The trial court imposed a ten-year sentence on count one and merged it with counts three through seven, and a consecutive ten-year sentence on count two plus one year for the firearm specification.

Williams raised six assignments of error in the Ohio Court of Appeals, including the insufficiency of the indictment, the issue now before us.  On each count, the indictment describes the mens rea requirement for complicity in the principal offense by reference to the principal statute with the phrase "acting with the kind of culpability required for the commission of an offense." Joint Appendix ("J.A.") at 78-84 (Indictment).  Williams argued that the indictment was deficient under the U.S. Constitution for failure to set forth each of the necessary elements of the charged offenses. On July 16, 2002, the Ohio Court of Appeals affirmed Williams's conviction. With regard to Williams's claim regarding the deficiency of the indictment, the state court of appeals found that the indictment satisfied state-law requirements,[1] and the court did not address Williams's claim under the U.S. Constitution.  The Ohio Supreme Court refused jurisdiction.

Williams filed a timely habeas petition with the United States District Court for the Northern District of Ohio on February 6, 2004.  The magistrate judge issued a report and recommendation advising that the petition be dismissed.  Williams objected on a number of grounds, including the claim of the insufficiency of the indictment raised in the Ohio Court of Appeals.  The district court found merit in this objection and granted the writ of habeas corpus.  The warden filed this timely appeal.

## II.  ANALYSIS

### A.  Standard of Review

In habeas proceedings brought pursuant to 28 U.S.C. § 2254, when, as here, a district court makes no independent findings of fact, we review de novo the district court's conclusions of law and findings of fact.  *Bugh v. Mitchell*, 329 F.3d 496, 500 (6th Cir. 2003); *Moore v. Carlton*, 74 F.3d 689, 691 (6th Cir. 1996).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"),

---

[1] Ohio law permits the "statement [of the offense to] be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged."  OHIO CRIM. R. 7(B).

28 U.S.C. § 2254, governs federal habeas review of a state-court conviction. Pursuant to AEDPA, a petition for a writ of habeas corpus cannot be granted as to any claim the state court considered on the merits unless the state court proceedings: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). However, when, as here, no state court addresses a properly raised federal claim, we are no longer bound by AEDPA's deferential standard of review and instead review the claim de novo. *Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003).

## B. The District Court's Opinion

The district court framed the issue raised by Williams regarding the sufficiency of the indictment as "how much must the indictment say to ensure that *the jury*[2] is sufficiently apprised of each and every element on which it is the factfinder?" *Williams v. Haviland*, No. 04-CV-7054, 2005 WL 1566762, at *3 (N.D. Ohio July 1, 2005) (unpublished opinion). The district court then explained that the grand jury's role was "to serve as 'a kind of buffer or referee between the government and the people,'" *Williams*, 2005 WL 1566762, at *4 (quoting *In re Grand Jury Subpoena, Judith Miller*, 397 F.3d 964, 973 (D.C. Cir. 2005)). The court discussed the Fifth Amendment's Grand Jury Clause, and then stated that

> in *Apprendi*, the Supreme Court clearly held that "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than a prior conviction) that increases the maximum penalty for a crime *must be charged in an indictment*, submitted to a jury, and proven beyond a reasonable doubt."

*Id.* at *4 (quoting *Apprendi*, 530 U.S. at 476). The district court applied this quotation from *Apprendi* to the facts of the instant case, finding that "[a]bsent the indictment's express presentation of every element of the offenses as required by *Apprendi*, there is no way to tell whether the grand jury fully performed its uniquely protective role." *Id.* (internal quotation marks omitted). On this basis, the district court concluded that "allowing Williams's convictions to stand when there is no assurance that the grand jury considered his *mens rea* in finding probable cause[] would violate both his Fifth Amendment Grand Jury right and his Sixth Amendment jury trial and notice rights as interpreted by *Apprendi*." *Id.* at *5.

## C. The District Court Misread *Apprendi*

The district's court reliance on *Apprendi* to grant the writ was misplaced. The district court's conclusion that the indictment must expressly present every element of the offense in a state prosecution is founded on the conclusion that *Apprendi*'s single reference to an indictment, without any further discussion, sub silentio overturned the longstanding precedent that the Fifth Amendment Grand Jury Clause, which guarantees indictment by a grand jury in federal prosecutions, U.S. CONST. amend. V; *Stirone v. United States*, 361 U.S. 212 (1960), was not incorporated by the Fourteenth Amendment to apply to the states. *See Branzburg v. Hayes*, 408 U.S. 665, 687-88 n.25 (1972) (noting that "indictment by grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment"); *Hurtado v. California*, 110 U.S. 516, 535 (1884) (holding that the Fourteenth Amendment did not incorporate the Fifth Amendment right to a grand jury). The district court's conclusion that *Apprendi* requires that state prosecutions must employ indictments listing all elements of a crime necessarily implies that states must employ grand

---

[2] Presumably the district court was referring to the *grand* jury rather than the petit jury, although the district court's simultaneous reliance on the Sixth Amendment right to a jury trial confuses this issue, as discussed below.

juries to return indictments. This conclusion runs contrary to the Supreme Court's repeated assertion that the Grand Jury Clause of the Fifth Amendment does not apply to the states, *Rose*, 443 U.S. at 557 n.7; *Gerstein v. Pugh,* 420 U.S. 103, 118–19 (1975); *Branzburg*, 408 U.S. at 687-88 n.25; *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972); *Beck v. Washington*, 369 U.S. 541, 545 (1962); *Gaines v. Washington*, 277 U.S. 81, 86 (1928); *Lem Woon v. Oregon*, 229 U.S. 586, 590 (1913), a principle of law "so well established that its overruling would constitute a result so 'novel' that a counsel's failure to ask for the overruling in prior proceedings would not constitute a procedural default for the purposes of habeas review." WAYNE R. LAFAVE, JEROLD H. ISRAEL & NANCY J. KING, 4 CRIM. PROC. § 15.1 n.141 (2d ed. 1999) (citing *Reed v. Ross*, 468 U.S. 1 (1984)). The Court could not have intended to refashion such a settled principle of law by the mere mention of an indictment in *Apprendi*.

In fact, *Apprendi* itself forecloses the district court's reading of that case. As the Supreme Court stated, the question before it in *Apprendi* was "whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt," 530 U.S. at 469, not the constitutional parameters of the language of an indictment in a state prosecution. Immediately preceding the quotation from *Apprendi* on which the district court relied, the Court explained that

> [t]he question whether Apprendi had a constitutional right to have a jury find such bias on the basis of proof beyond a reasonable doubt is starkly presented. . . . Our answer to that question was foreshadowed by our opinion in *Jones v. United States*, 526 U.S. 227 (1999), construing a federal statute. *We there noted that* "under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 243 n.6. The Fourteenth Amendment commands the same answer in this case involving a state statute.

530 U.S. at 475-76 (emphasis added). Therefore, contrary to the district court's assertion, *Apprendi* did *not* hold that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt." *Apprendi*, 530 U.S. at 476. Rather, this is the holding of *Jones*, a case involving a *federal* prosecution, to which the Fifth Amendment Grand Jury Clause clearly applies. *See United States v. Cotton*, 535 U.S. 625, 627 (2002). *Apprendi* relied on *Jones* to hold that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury." 530 U.S. at 490. The *Apprendi* holding does not mention any requirements related to the indictment. *Id.* If there were any doubt as to the scope of *Apprendi*, a footnote therein makes clear beyond peradventure that the opinion did *not* extend the Fifth Amendment grand jury right to state prosecutions. *See id.* at 477 n.3. The Court stated that

> Apprendi has not here asserted a constitutional claim based on the omission of any reference to sentence enhancement or racial bias in the indictment. He relies entirely on the fact that the "due process of law" that the Fourteenth Amendment requires the States to provide to persons accused of crime encompasses the right to a trial by jury, *Duncan v. Louisiana*, 391 U.S. 145 (1968), and the right to have every element of the offense proved beyond a reasonable doubt, *In re Winship*, 397 U.S. 358 (1970). *That Amendment has not, however, been construed to include the Fifth Amendment right to "presentment or indictment of a Grand Jury"* that was implicated in our recent decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *We thus do not address the indictment question separately today.*

*Id.* (emphases added). Given this explicit admonition that *Apprendi* does *not* address the issue of the requirements for indictments in state prosecutions, the district court's reading of *Apprendi* holds no water.

The Supreme Court cases following *Apprendi* ratify this reading of *Apprendi*'s scope — that it did not extend the Fifth Amendment right to a grand jury indictment to state prosecutions. The Court has repeatedly described the holding of *Apprendi* without reference to any indictment requirements, instead explaining that *Apprendi* "held that the Sixth Amendment does not permit a defendant to be 'expose[d] . . . to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone.'" *Ring v. Arizona*, 536 U.S. 584, 588-89 (2002) (quoting *Apprendi*, 530 U.S. at 483) (omission in original); *accord United States v. Booker*, 543 U.S. 220, 231 (2005); *Blakely v. Washington*, 542 U.S. 296, 301 (2004); *Schriro v. Summerlin*, 542 U.S. 348, 350 (2004). In *Cotton*, the Court stated that *Apprendi* "held that '[o]ther than the fact of prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 535 U.S. at 627 (quoting *Apprendi*, 530 U.S. at 490). Without missing a beat, the Court then stated that "*[i]n federal prosecutions*, such facts must also be charged in the indictment." *Id.* (emphasis added). By explicitly referring to *federal* prosecutions and distinguishing state prosecutions, *Cotton* makes clear that *Apprendi* did not revisit the well-established rule that the states are not bound by the Fifth Amendment grand jury right. After *Apprendi*, the Supreme Court has only referred to the *Apprendi* quotation relied on by the district court in discussing the holding of *Jones*. *See Ring*, 536 U.S. at 600; *Harris v. United States*, 536 U.S. 545, 555 (2002).

The district court's reliance on *Apprendi* also cannot be sustained in light of our prior precedent, *United States v. Lentsch*, 369 F.3d 948 (6th Cir. 2004), which further confirms the limited reading of *Apprendi*. In that case, the defendants, who were prosecuted for trespassing in violation of federal law, claimed that the indictment did not sufficiently charge them with one of the elements of the federal trespassing statute. *Id.* at 951-52. The defendants argued that the alleged deficiency in the indictment should be analyzed under *Apprendi*'s statement that "any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt," *Apprendi*, 530 U.S. at 476. We rejected that argument, explaining that

> [a]lthough the Supreme Court in *Apprendi* did comment incidentally that any fact — other than a prior conviction — must be charged in an indictment, [530 U.S.] at 476, it specifically cautioned that Apprendi had not claimed a constitutional violation based on the indictment's failure to specify a fact that could subject him to an increased sentence. *Id.* at 477 n.3. Instead, *Apprendi* clarified that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum *must be submitted to a jury and proved beyond a reasonable doubt*." *Id.* at 490 (emphasis added).

*Lentsch*, 369 F.3d at 952 n.5. In addition to observing the boundaries of the *Apprendi* opinion's reach demarcated in that opinion itself, we are bound to adhere to our prior reading of the scope of the opinion: that *Apprendi* does not address the issue of insufficient indictments. *See Apprendi*, 530 U.S. at 490; *Lentsch*, 369 F.3d at 952 n.5; *Maples*, 340 F.3d at 437 (noting that a prior opinion of this court is binding on a later panel).

The district court's invocation of the Sixth Amendment jury trial right cannot cure the defects in its opinion and merely obscures the controlling law in this case: that there is no constitutional right in a state prosecution to a grand jury indictment with particular specificity. *See, e.g.*, *Cotton*, 535 U.S. at 627; *Rose*, 443 U.S. at 557 n.7. The Sixth Amendment right announced in *Apprendi* addresses a defendant's right to have a *petit* jury determine each essential element of the

crime, and does *not* pertain to any rights the defendant has vis-a-vis the grand jury proceedings. *See Apprendi*, 530 U.S. at 477 n.3, 490 (holding only that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt"). Even if Williams is correct that one of the purposes of a state's charging instrument, should it choose to utilize one, is to notify the grand jury of what it must find, this is still not a constitutional right grounded in the Sixth Amendment, which controls what facts the *petit* jury must find. It is the *jury instructions*, and not the indictment, that provide notice to the petit jury of the requirements for conviction. DANIEL R. COQUILLETTE, GREGORY P. JOSEPH, SOL SCHREIBER, JEROLD SOLOVY & GEORGENE M. VAIRO, MOORE'S FEDERAL PRACTICE — CRIMINAL § 630.02 (3d ed. 1997) (explaining that to allow the jury "to decide the question of the defendant's guilt or innocence in accordance with Constitutional principles," the jury instructions "must accurately define the essential elements of the offense charged"). Neither can the district court's discussion of the role of the grand jury lend support for its approach, because the cases it cites address *federal* prosecutions, *see Williams*, 2005 WL 1566762, at \*4 (citing *United States v. Calandra*, 414 U.S. 338, 343 (1974); *United States v. Nieves*, 108 F. App'x 790, 792 (4th Cir. 2004); *United States v. Bruce*, 394 F.3d 1215, 1230 (9th Cir. 2005); *United States v. Olson*, 262 F.3d 795, 799 (8th Cir. 2001)), and the role of the indictment and the grand jury in *federal* prosecutions is undisputed in this case.[3]

## D. Harmless Error

Even if the district court's interpretation of *Apprendi* were correct, and the Fifth Amendment grand jury right applied against the states, the granting of habeas relief would still have been in error. A constitutionally deficient indictment is subject to harmless-error review. *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir.) ("Although an affirmative act constitutes an element of a [26 U.S.C.] § 7201 case, this court need not decide whether an indictment under § 7201 must allege an affirmative act because the deficiency in the indictment here, if any, constituted harmless error."), *cert. denied*, 537 U.S. 880 (2002); *see also Biros v. Bagley*, 422 F.3d 379, 388 (6th Cir. 2005) (determining whether a deficient indictment constituted harmless error). "[T]he requirement that an indictment allege all of the elements of the offense charged . . . seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense." *Cor-Bon Custom Bullet Co.*, 287 F.3d at 580. The district court asserted, without explanation, that Williams's supposedly deficient indictment was not a harmless error. *Williams*, 2005 WL 1566762, at \*5. However, Williams "does not claim that the failure of the indictment to allege an [essential element of the crime] prevented [him] from preparing a defense or caused [him] surprise or prejudice." *Cor-Bon Custom Bullet Co.*, 287 F.3d at 580. It seems that Williams was fully aware of the charges against him, and that he "pursued a vigorous defense to attempt to show that [he] had not committed [the offenses with which he was charged]." *Id.* Therefore, even if the indictment were constitutionally deficient, Williams suffered no prejudice, and thus no writ of habeas corpus should have issued.

## E. Sufficiency of the Indictment with Regard to the Notice Requirement

Because, as we have just explained, *Apprendi* did not alter the constitutional requirements with regard to indictments in state prosecutions, the sufficiency of the indictment is controlled by our prior conclusion that in a state prosecution, due process mandates only that the indictment provide the defendant with "fair notice of the charges against him to permit adequate preparation of his defense." *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Fair notice has been given

---

[3] The only case cited by the district court involving a state prosecution addressed the question of whether a grand jury indictment provided for under state law established probable cause for arrest in the context of a suit under 42 U.S.C. § 1983. *See Williams*, 2005 WL 1566762, at \*4 (citing *Radvansky v. City of Olmsted Falls*, 395 F.3d 295, 307 n.13 (6th Cir. 2005)).

when "the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged.  Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial." *Id.*

The indictment here undoubtedly provided Williams with fair notice of the charges against him.  The indictment's reliance on references to the principal statutes to identify the mens rea elements does not render the indictment insufficient because Williams still had adequate notice of the offenses to prepare his defense.  Although the exact mens rea requirements were not stated in the indictment, the indictment precisely stated the offenses with which Williams was charged so that there could be no confusion on this point.  Moreover, the indictment referenced the principal statutes for the mens rea requirement, and thus Williams could have located the statutes and determined the mental states required for the offenses with which he was charged.  The sufficiency of the indictment is bolstered by our prior determination that even in a federal prosecution, which is held to the more stringent requirements imposed by the Fifth Amendment Grand Jury Clause, an indictment is sufficient when it refers to the appropriate statute for the mens rea element rather than explicitly specifying the required mental state.[4] *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992).  For these reasons, the indictment in this state prosecution satisfied the mandates of due process.

### III.  CONCLUSION

Because the U.S. Constitution only requires that an indictment in a state prosecution give fair notice to the defendant of the charges against him, and the indictment here so complied, we **REVERSE** the granting of the writ of habeas corpus and **REMAND** to the district court to consider the remainder of Williams's habeas petition.

---

[4] For this reason, even if the district court were correct that *Apprendi* held that the Fifth Amendment grand jury right extended to state prosecutions, the indictment likely sufficed under *Martinez*, 981 F.2d at 872.