Will Parks CLAY, Walter Jolly, Andrew B. Turk and Andrew Morris, Appellants,

v.

UNITED STATES of America, Appellee.

No. 15060.

United States Court of Appeals, Fifth Circuit.

Jan. 12, 1955.

**484**

T. Reese Watkins, Paul M. Conaway, T. A. Jacobs, Jr., Macon, Ga., for appellant.

Joseph H. Davis, Asst. U. S. Atty., Frank O. Evans, U. S. Atty., Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

PER CURIAM.

The appellants were convicted of willfully attempting to evade the wagering occupational tax imposed by § 3290 of the Internal Revenue Code[1] on persons engaged in the business of accepting wagers, in violation of § 2707(c) of the Code, as made applicable by § 3294(c) thereof. It was stipulated that the tax was not paid, and, although appellants contend otherwise, the evidence[2] was sufficient to warrant a finding by the jury that appellants were liable for the

---

1. Internal Revenue Code of 1939, as amended, Title 26, U.S.C.

2. The appellants were arrested on July 8, 1953, at a building known as 3760 Napier Avenue in Macon, Georgia. The building, which served Clay as a combination residence and loan office, had been under the surveillance of the arresting officers for several days. The officers had observed the various appellants paying short visits to the building between the hours of 11:00 o'clock, A.M., and 2:00 o'clock, P. M., on the several days they had kept watch. When the officers entered the building, Clay and Jolly were there. Jolly attempted to leave when the officers entered but was detained. Morris and Turk arrived and entered the building while the officers were there. When Turk saw the officers, he turned to leave, but he, too, was detained. Jolly, Morris and Turk each had in his possession a number of "original" lottery tickets which are usually turned in to the "banker" before 2:30 o'clock, P.M. on days the lottery is

being operated. Jolly and Turk admitted to the officers that they had come to "turn in." Turk admitted also that he worked for Clay and that he was in the "bug business," a term by which the lottery is sometimes called. A search of the premises disclosed 32 blank, and one partially used, lottery books in an open safe, lottery numbers written on the wall by the telephone and on scraps of paper in the waste basket, a sizeable sum of money in change and small bills and a great number of coin wrappers and money bags. Clay had four lottery tickets in his pocket. The numerical symbol on those tickets corresponded with a similar symbol contained on the lottery books found in the safe. One of the tickets taken from his pocket had the name "Turk" on it. At least three of the appellants admitted that they had been in the lottery business prior to the effective date of the statute and Clay had been informed by Revenue Agents at an earlier date that he was liable for payment of the tax if he was engaged in the gambling business.

payment of the tax and willfully failed to pay it. As grounds for reversal of this conviction, appellants contend: (1) that the indictment should have been dismissed because (a) it did not sufficiently charge the felonious offense of attempted evasion and (b) the venue of the offense sought to be charged was in the Northern District of Georgia, where the tax was supposed to have been paid; (2) the court erred in overruling their motion for a bill of particulars; (3) the evidence did not authorize a conviction, and (4) the court erred in instructing the jury that if it found appellants were liable for the tax and willfully failed to pay it, verdicts of guilty would be authorized.

Reference to the applicable statutes disclose that any person who is engaged in the business of accepting wagers is liable for payment of the special occupational tax. The failure of such person to pay the tax gives rise to the penal provisions of the law, the severity of which is dependent upon the nature of the offense committed. Thus, the mere failure to pay the tax is punishable by a fine of not more than $5,000;[3] the willful failure to pay is punishable as a misdemeanor,[4] and the willful attempt to "in any manner" evade payment of the tax is punishable as a felony.[5]

■ The record evidences an attempt by appellee to test its theory that it can "make out a felony violation * * * in a 'failure to pay' situation." The government concedes, as it must, that allegation and proof of liability for the occupational tax, coupled with a failure to pay it, is not sufficient to constitute a felony violation, but, in addition, there must be some affirmative act on the part of the defendant showing an attempt to evade the imposition of the tax. Relying upon Spies v. United States, 317 U. S. 492, 63 S.Ct. 364, 368, 87 L.Ed. 418, it urges that any conduct on the part of

the defendant, the likely effect of which would be to mislead or conceal, is sufficient to convert what would otherwise be a misdemeanor into a felony violation. In the Spies case, the question was whether proof that a taxpayer willfully failed to file an income tax return and to pay the tax in violation of § 145(a) of the Internal Revenue Code, was sufficient to sustain a conviction of attempting to evade income tax in violation of § 145(b) of the Code.[6] The court held that the felony statute, § 145(b), was not violated by willful omissions to make a return and to pay the tax. This holding was based upon consideration of the statutory scheme as a whole, which led to the conclusion that "[w]illful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony."

Appellee urges that this test is met by the indictment because it alleges both acts of commission and omission, in that it alleges that the business was *carried on* and that the tax *was not paid*. Aside from the fact that this contention is entirely inconsistent with the concession alluded to above, acceptance of it would render § 2707(b) meaningless, since every willful failure to pay the tax would constitute a felony, there being no duty to pay the tax unless a wagering business is being conducted. In other words, under the theory espoused by appellee, the same allegations and proof necessary to sustain a misdemeanor conviction would sustain a felony conviction if the pleader alleged an attempt to evade rather than a failure to pay. This contention will not do. The teaching of the Spies case is that in order to sustain a conviction under the felony statute something more than a violation of the misdemeanor statute must be shown, some

3. 26 U.S.C.A. § 3294(a).

4. 26 U.S.C.A. § 2707(b).

5. 26 U.S.C.A. § 2707(c).

6. §§ 145(a) and (b) are substantially identical to §§ 2707(b) and (c), except that they relate to offenses having to do with income tax.

conduct, "the likely effect of which would be to mislead or conceal."

All that is alleged in the indictment is that appellants were engaged in the business of accepting wagers without having paid the occupational tax. In the absence of additional facts, the conclusion of the pleader that this was done as a willful attempt to evade payment of the tax adds nothing to the indictment. Alabama Packing Co. v. United States, 5 Cir., 167 F.2d 179. An indictment, to be valid, must contain a plain, concise and definite statement of the essential facts constituting the offense intended to be charged. It is not necessary for the pleader to allege mere matters of evidence, but sufficient facts must be alleged to apprise the accused of the crime charged against him with such certainty as will enable him to make his defense and avail himself of a conviction or acquittal for protection against another prosecution for the same offense. It is fundamental that every essential ingredient of the offense must be alleged with precision and certainty. The present indictment does not meet these tests because it lacks the essential ingredient which "lifts the offense to the degree of felony." Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418. Clearly, all that is charged by the indictment is a willful failure to pay the tax, an offense punishable as a misdemeanor. The addition of mere legal conclusions, unaided by essential allegations of fact to support them will not supply this ingredient. The trial court should have granted the motion to dismiss the indictment.

In view of this conclusion, it becomes unnecessary for us to consider the other points urged by appellants.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

RUSSELL, Circuit Judge, sat during the argument of this case and took part in its decision; due to illness, however, he did not participate in the preparation of the opinion.