## C.  Subject-matter Jurisdiction

Cor-Bon argues that the failure of the indictment to allege affirmative acts of evasion deprived the district court of subject-matter jurisdiction.  A majority of the circuits, however, has specifically rejected the notion that the failure of an indictment to allege an element of an offense charged prevents a district court from having subject-matter jurisdiction over the indictment. *United States v. Sanchez,* 269 F.3d 1250, 1273 (11th Cir. 2001); *United States v. Prentiss*, 256 F.3d 971, 981 (10th Cir. 2001); *United States v. Nance*, 236 F.3d 820, 825-26 (7th Cir. 2000); *United States v. Mojica-Baez*, 229 F.3d 292, 310-12 (1st Cir. 2000).  Instead, "such failure is subject to harmless error review." *Prentiss,* 256 F.3d at 981.  Given our previous disposition of the question of harmless error, Cor-Bon's argument fails.

### III.  Conclusion

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2002 FED App. 0145P (6th Cir.)
File Name:  02a0145p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

    *v.*                                            No. 00-2420

COR-BON CUSTOM BULLET CO.,
    *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 97-80681—Bernard A. Friedman, District Judge.

Submitted:  March 8, 2002

Decided and Filed:  April 25, 2002

Before:  KENNEDY and BOGGS, Circuit Judges;
COFFMAN, District Judge.

_____

[*] The Honorable Jennifer B. Coffman, United States District Judge for the Eastern and Western Districts of Kentucky, sitting by designation.

1

———————————

**COUNSEL**

———————————

**ON BRIEF:**    Stephen J. Dunn, Troy, Michigan, for Appellant.    Krishna S. Dighe, ASSISTANT UNITED STATES ATTORNEY, Detroit, Michigan, for Appellee.

———————————

**OPINION**

———————————

COFFMAN, District Judge. This appeal raises the question of whether a felony conviction for tax evasion under 26 U.S.C. § 7201 must be reversed because the indictment did not allege specific affirmative acts of evasion. Because the defendant has not suffered prejudice as a result of the alleged defect, we AFFIRM the district court's judgment.

## I. Background

Cor-Bon Custom Bullet Co. ("Cor-Bon") manufactures firearm ammunition. 26 U.S.C. § 4181 imposes an 11% excise tax on all taxable sales of ammunition by such manufacturers. Cor-Bon was indicted on sixteen counts of tax evasion under 26 U.S.C. § 7201, for allegedly evading its § 4181 tax liability during each calendar quarter from 1991 through 1995 by reporting only part of its ammunition sales. Each count, tracking the applicable statutory language,[1] read:

———————————

[1] 26 U.S.C. § 7201 provides, in pertinent part, that "[a]ny person who willfully attempts in any manner to evade or defeat any tax. . .shall. . .be guilty of a felony. . . ."

that Cor-Bon was disadvantaged in any way by the indictment's alleged deficiency. Instead, the record indicates that Cor-Bon knew which specific affirmative acts it was accused of committing and pursued a vigorous defense to attempt to show that it had not committed them. For example, in addition to its probing cross-examination of Bambi Fischer, Cor-Bon presented the testimony of two expert witnesses in order to refute the government's case.

The Supreme Court has observed that there has been a "drift of the law away from the rules of technical and formalized pleading," and that, therefore, "convictions are no longer reversed because of minor and technical deficiencies which d[o] not prejudice the accused." *Russell*, 369 U.S. at 763. According to the Court, this trend culminated in the adoption of Fed. R. Crim. P. 52(a), which provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "Substantial rights, in turn, are affected only when a defendant shows 'prejudice to his ability to defend himself at trial, to the general fairness of the trial, or to the indictment's sufficiency to bar subsequent prosecutions.'" *United States v. Hathaway*, 798 F.2d 902, 911 (6th Cir. 1986) (quoting *United States v. Miller*, 471 U.S. 130, 138 n.5 (1985)). This rule is fully applicable to the present appeal. As Cor-Bon failed to meet its burden of proving prejudice, and has not even alleged[6] prejudice, any defect in the indictment was harmless error. *See id.* at 489; *United States v. Williams*, 152 F.3d 294, 299 (6th Cir. 1998). To hold otherwise would be to hold the government "to such strictness of averments as might defeat the ends of justice." *Lott*, 309 F.2d at 118.

———————————

[6] The district court did not rule that any defect in the indictment constituted harmless error. Yet this court may affirm a district court's judgment on any ground supported by the record. *City Mgmt. Corp. v. U.S. Chem. Co., Inc.*, 43 F.3d 244, 251 (6th Cir. 1994).

*Daniel*, 956 F.2d at 542; *but see Lott v. United States*, 309 F.2d 115, 118 (5th Cir. 1962)(asserting that *Spies* did not add a substantive element to an offense under § 7201, but only construed the statutory language "willfully attempts in any manner to defeat any tax").[5]

## B. Harmless Error

Although an affirmative act constitutes an element of a § 7201 case, this court need not decide whether an indictment under § 7201 must allege an affirmative act because the deficiency in the indictment here, if any, constituted harmless error. Cor-Bon does not claim that it lost any of the protections intended to be furnished by the requirement that an indictment allege all of the elements of the offense charged. This requirement, which derives from the Fifth Amendment's Due Process, Double Jeopardy, and Grand Jury Clauses and the Sixth Amendment's Notice Clause, seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense. *See Russell*, 369 U.S. at 1048-1049. Cor-Bon, however, does not claim that the failure of the indictment to allege an affirmative act prevented it from preparing a defense or caused it surprise or prejudice. Nor does the record suggest

---

[5] In *Clay v. United States*, 218 F.2d 483 (5th Cir. 1955), the Fifth Circuit reversed a felony tax conviction because the indictment failed to allege an affirmative act of evasion. Without expressly overruling *Clay*, however, the Fifth Circuit subsequently decided *Lott*, which upheld an indictment pled "substantially in the language of the statute" after deciding that *Spies* did not add the substantive element of an affirmative act. This holding is weakened, however, by the fact that the indictment in *Lott* actually went further than charging the offense in the words of the statute -- it alleged affirmative acts. *See Lott*, 309 F.2d at 118. When given an opportunity to resolve the conflict between *Lott* and *Clay* in *United States v. Williams*, 928 F.2d 145 (5th Cir. 1991), however, the Fifth Circuit did not take it, although its holding indicates that *Clay* retains jurisprudential vitality. As these cases constitute Fifth Circuit precedent, and there is no Sixth Circuit case addressing the issue of whether affirmative acts must be alleged in the indictment, this issue need not be resolved at present.

---

On or about [date] in the Eastern District of Michigan, Southern Division, Defendants PETER PI[2] and COR-BON CUSTOM BULLET CO., willfully attempted to evade and defeat a tax imposed under this title or the payment thereof on ammunition sales that were due and owing from COR-BON CUSTOM BULLET CO. for the [quarter and calendar year in question][3] in violation of Title 26, United States Code, sections 4181 and 7201.

Immediately after the jury was impaneled, Cor-Bon filed a motion to dismiss, attacking the indictment as fatally defective because it did not allege an affirmative act of evasion. The district court denied the motion as untimely and meritless. It did not, however, expressly address whether an affirmative act of evasion should have been alleged in the indictment.

Although the indictment did not allege an affirmative act, Cor-Bon learned soon after indictment, and well before trial, that a disgruntled ex-employee, Bambi Fischer, would be testifying that it filed false tax returns, destroyed sales invoices, and maintained a second, false set of records to conceal the true amount of its ammunition sales. During the jury trial, Cor-Bon cross-examined Fischer regarding her allegations and otherwise presented a robust defense. Both sides argued Cor-Bon's alleged affirmative acts to the jury. On April 5, 2000, the jury found Cor-Bon guilty of thirteen counts. On November 16, 2000, Judge Friedman sentenced it to three years' probation and ordered it to pay $200,000 in restitution, a fine of $240,000, and a special assessment of $2,600. This appeal followed.

---

[2] Peter Pi, the owner of Cor-Bon, was acquitted on all counts and does not, therefore, join in this appeal.

[3] The counts were identical except for the dates involved. Each quarter of every calendar year from 1991 to 1995 supported a separate count.

On appeal, Cor-Bon renews the arguments that it made to the district court: that the indictment was defective because it did not allege an affirmative act of evasion and that this defect precluded the district court from having subject-matter jurisdiction over the case.

## II.  Discussion

### A.  Adequacy of the Indictment

Whether an indictment adequately charges an offense is a question of law subject to *de novo* review. *United States v. Collis*, 128 F.3d 313, 317 (6th Cir. 1997). An indictment adequately charges an offense if it (1) includes the elements of the offense intended to be charged, (2) notifies the defendant of "what he must be prepared to meet," and (3) allows the defendant to invoke a former conviction or acquittal in the event of a subsequent prosecution. *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992); *United States v. Vanover,* 888 F.2d 1117, 1120 (6th Cir. 1989). Additionally, "[i]n an indictment upon a statute, it is not sufficient to set forth the offence in the words of the statute, unless those words of themselves fully, directly, and expressly, without any uncertainty, set forth all of the elements necessary to constitute the offence intended to be punished." *Russell*, 369 U.S. at 765 (quoting *United States v. Carll*, 105 U.S. 611, 612 (1881)).

In *Spies v. United States*, 317 U.S. 492, 500 (1942), the Supreme Court reversed a conviction under the statutory predecessor to § 7201, § 145(b) of the Revenue Act of 1936, because the trial court refused to instruct the jury that an affirmative act is necessary to constitute a willful attempt to evade taxes. According to the Court, an affirmative act of evasion includes, but is not limited to, "conduct such as keeping a double set of books, making false entries or alterations, or false invoices or documents, destruction of books or records, concealment of assets or covering up

sources of income. . .[or] any conduct, the likely effect of which would be to mislead or to conceal." *Id*. at 499. The Court explained that an affirmative act of evasion distinguishes the felony offense of tax evasion under § 145(b) from lesser tax offenses such as the willful failure to pay taxes under § 145(a). *Id*.[4]

Even though *Spies* did not directly address the adequacy of felony tax indictments, it has been deemed relevant to that issue. Cases now routinely state that, under the holding in *Spies*, an affirmative act of evasion is an element of an offense under § 7201. *See, e.g., Sansone v. United States*, 380 U.S. 343, 351 (1965); *United States v. Barrow*, 118 F.3d 482, 489 (6th Cir. 1997); *United States v. Daniel*, 956 F.2d 540, 542 (6th Cir. 1992); *Clay v. United States*, 218 F.2d 483, 486 (5th Cir. 1955). Thus, the weight of authority supports the proposition that three elements must be proved to sustain a conviction under § 7201: (1) a tax deficiency, (2) willfulness, and (3) an affirmative act of evasion or attempted evasion. *See, e.g., Sansone*, 380 U.S. at 351; *Barrow*, 118 F.3d at 489;

---

[4] Section 145(a) provided that "[a]ny person required. . .to pay any tax. . .who willfully fails to pay such tax. . .shall, in addition to other penalties provided by law, be guilty of a misdemeanor. . . ." Section 145(b) provided that "any person required. . .to collect, account for, and pay over any tax. . .who willfully attempts in any manner to evade or defeat any tax. . .shall, in addition to other penalties provided by law, be guilty of a felony. . . ." *Spies* distinguished these two prohibitions as follows:

> The difference between the two offenses, it seems to us, is found in the affirmative action implied from the term "attempt," as used in the felony subsection. . . .[I]n employing the terminology of attempt to embrace the gravest of offenses against the revenues, Congress intended some willful commission in addition to the willful omissions that make up the list of misdemeanors.

*Spies*, 317 U.S. at 498-99. Sections 145(a) and (b) have been replaced by 26 U.S.C. § 7203 and § 7201, respectively. *See United States v. Hook*, 781 F.2d 1166, 1171, n.4 (6th Cir. 1986).