NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0087n.06

No. 19-5168

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Feb 05, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| KENDRICK CONLEY, | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     SUHRHEINRICH, STRANCH, and NALBANDIAN, Circuit Judges.

SUHRHEINRICH, Circuit Judge.  Defendant Kendrick Conley was convicted of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  On appeal he challenges (1) the accuracy of the indictment and jury instructions, (2) the sufficiency of the evidence, and (3) the effectiveness of trial counsel.

**I.**

Memphis police executed a search warrant on Conley's house after a confidential informant made a controlled drug buy there.  The officers found drugs and two handguns in the master bedroom, and arrested Conley on the spot.

Conley's phone calls were recorded while he was in custody.  During one of those calls Conley's father said, "I told you don't have them things in that house.  I ain't fussing but you know you wasn't supposed to have them things."  Trial Ex. 7 (Call 3C320EY1, at 1:40-1:50).  Conley replied, "Yeah, but they put that other stuff on me. . . . That, uh, talking about they found some

dope in there." Trial Ex. 7 (Call 3C320EY1, at 1:50-2:00). Later in that conversation Conley said, "But I wasn't thinking, like, you know, they were gonna find that like that, or come looking for me for that right there." Trial Ex. 7 (Call 3C320EY1, at 6:30-6:35).

In a different conversation Conley's father told Conley to ask himself, "Why did all this happen." Trial Ex. 7 (Call 3H4610A1, at 5:05-5:15). Conley responded that "I had that stuff around" because of a recent kidnapping. Trial Ex. 7 (Call 3H4610A1, at 5:35-5:45); *see* PSR, p.5. Conley also told his dad that he was trying to get his girlfriend to "take the charges" for him. Trial Ex. 7 (Call 3H4610A1, at 10:10-12:25); *see* PSR, p. 5.

Conley has prior felony convictions for evading arrest, robbery, and being a felon in possession of a handgun. PSR, pp. 9-12. As a result, Conley was charged with two counts of being a felon in possession of firearm in violation of 18 U.S.C. § 922(g). The indictment states in key part on both counts that "the defendant Kendrick Conley having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm . . . in violation of Title 18, United States Code, Section 922(g)(1)."

At trial in 2014, the Government introduced the phone calls and proof that Conley's firearms traveled in interstate commerce. Conley stipulated that he had been previously convicted of a felony offense.

The jury was instructed to find beyond a reasonable doubt that: (1) "the defendant has been convicted of a crime punishable by imprisonment for more than one year"; (2) "the defendant, following his conviction, knowingly possessed a firearm"; and (3) "the specified firearm crossed a state line prior to the alleged possession." The jury convicted Conley of both counts and the court sentenced him to 120 months in prison.

Conley filed an appeal, but this court dismissed it for want of prosecution. Conley filed a timely motion to vacate under 28 U.S.C. § 2255, arguing that his appellate counsel rendered ineffective assistance by failing to pursue his appeal. The district court granted the motion and reimposed the criminal judgment. This properly-filed appeal follows, in which Conley argues that the indictment and jury instructions were defective in light of the recent decision of *Rehaif v. United States,* 139 S. Ct. 2191 (2019), the evidence to convict him was insufficient, and his trial counsel was ineffective.

## II.

### A.

Conley argues that he is entitled to a new trial after *Rehaif*. In *Rehaif* the Supreme Court ruled that to prove a violation of 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also . . . knew he had the relevant [prohibited] status when he possessed it." 139 S. Ct. at 2194. Prior to *Rehaif*, this court defined the elements of § 922(g) as: (1) the defendant had a prior felony conviction (status element), (2) the defendant knowingly possessed a firearm (possession element), and (3) the firearm traveled in or affected interstate commerce (jurisdictional element). *United States v. Brown*, 888 F.3d 829, 833 (6th Cir. 2018). That is, we did not require the government to prove that the defendant knew of his prohibited status when he knowingly possessed a firearm.

Because Conley did not challenge the indictment and jury instructions below, plain error review applies. *See United States v. Mullet*, 822 F.3d 842, 847-48 (6th Cir. 2016) ("In criminal case after criminal case, we have declined to allow a criminal defendant who fails to challenge part of a conviction in an earlier appeal to raise it in a later appeal."). Thus, we will reverse only if we find (1) error, (2) that was plain or obvious, (3) that affected the defendant's substantial rights, as

well as (4) the fairness of the judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993). This standard applies even when the law changes after the district court proceedings. *See Henderson v. United States*, 568 U.S. 266, 272 (2013) (holding that unobjected to error is correctable under Rule 52(b) as long as the error was plain by the time of appellate review); *Johnson v. United States*, 520 U.S. 461, 468 (1997) (same; even if the trial court's ruling was correct under circuit law when made but contrary to law by the time of appeal).

**1.**

Conley asserts that the indictment "fails to state that Mr. Conley knew he was a prohibited person." The Government counters that the word "knowingly" in the indictment "can be fairly read to modify the prohibited-status element as well." The Government further claims that "[e]ven in light of *Rehaif*, Conley's indictment, by tracking the language of the statute and using the term 'knowingly,' sufficiently pleaded all the elements of the offense." *Id.* (citing *United States v. Hudson*, 491 F.3d 590, 593-94 (6th Cir. 2007)). We disagree.

"[A]n indictment that recites statutory language in describing the offense 'is generally sufficient . . . as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" *Hudson*, 491 F.3d at 593 (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974)). This indictment does not do that. It mirrors the statute, but it does not directly and unambiguously set forth the elements of the crime that the government must prove, i.e., "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. By including a knowledge component for the possession element, but not the status element, it suggests the

opposite—that knowledge is required for possession, but not felony status. Indeed, our precedent prior to *Rehaif* confirms Conley's preferred reading. *See Brown,* 888 F.3d at 833.

Nonetheless, because he did not challenge the indictment until appeal, "the indictment must be construed liberally in favor of its sufficiency," and we will reverse a conviction only if "the indictment cannot within reason be construed to charge a crime." *United States v. Meade*, 677 F. App'x 959, 964 (6th Cir. 2017) (citations and internal quotation marks omitted); *see also United States v. Olive*, 804 F.3d 747, 752 (6th Cir. 2015) ("[W] here, as here, 'a challenge to an indictment is brought for the first time after the defendant has been convicted, the indictment is construed liberally in favor of its sufficiency.'") (quoting *United States v. Gibson*, 409 F.3d 325, 331 (6th Cir. 2005) (internal quotation marks omitted)). Conley cannot make this showing. "[T]he requirement that an indictment allege all of the elements of the offense charged . . . seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense." *See United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002). Conley was not prevented from preparing a defense. That's because he stipulated at trial that he had a prior felony conviction. Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it. Thus, any error did not affect Conley's substantial rights and was certainly harmless. *See id.* at 580-81.[1] For this same reason, the error did not taint the fairness or integrity of these proceedings. As noted, Conley had multiple felony convictions under his belt, including one prior conviction for being a felon in possession of a firearm, when he made this stipulation. *See United States v. Cotton*, 535 U.S. 625, 632-33 (2002) (holding that the indictment's failure to allege facts about drug quantity, which

---

[1] Had we applied de novo review, any deficiency in the indictment would be subject to a harmless error analysis. *See Cor-Bon Custom Bullet Co.*, 287 F.3d at 580-81.

increased the statutory maximum sentence, did not affect the fairness or integrity of the judicial proceedings because the proof of drug quantity was overwhelming).

**2.**

The Government acknowledges that the jury instructions cannot be squared with *Rehaif* and concedes that the error is plain. Nonetheless, it asserts, and we agree, that Conley cannot meet the other two prongs of the plain error test for the reasons mentioned: based on his multiple prior convictions Conley undoubtedly knew he was a felon in possession when he possessed the firearms in the master bedroom. And, again, Conley stipulated at trial that he was a felon at the time of his firearm possession. As the Government points out, rational jurors could reasonably "infer knowledge of prohibited status from the proof of the prohibited status itself—that is, the jury could infer Conley's knowledge that he had a felony conviction from the bare fact of such a conviction."

The Ninth Circuit recently reached the same conclusion. *See United States v. Benamor*, 937 F.3d 1182 (9th Cir. 2019), (cert. denied 1/13/20). "Assuming . . . that the stipulation d[id] not end the discussion as to [the defendant's] *knowledge* of his status as a felon," the Ninth Circuit found no plain error because the defendant had seven felony convictions, including a felon-in-possession-of-a-firearm conviction, and stipulated to that fact at trial. *Id.* at 1188-89. So too in this case: "At a minimum, the prior conviction[] for being a felon in possession of a firearm . . . proved beyond a reasonable doubt that [Conley] had the knowledge required by *Rehaif* and that any error in not instructing the jury to make such a finding did not affect [Conley's] substantial rights or the fairness, integrity, or public reputation of the trial." *Id.* at 1189. *See also United States v. Hollingshed*, 940 F.3d 410, 415-16 (8th Cir. 2019) (finding no plain error where the defendant was sentenced for drug possession and imprisoned for four years and thus knew he had been convicted of a felony when he possessed the gun at issue).

**B.**

Conley also raises a sufficiency-of-the-evidence claim in his brief but fails to develop the claim with argumentation or analysis. He has therefore forfeited the issue. *See United States v. Sandridge*, 385 F.3d 1032, 1035 (6th Cir. 2004) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.")

But Conley would have trouble developing an argument in any event. To prove a violation of 18 U.S.C. § 922(g), the government must show that the defendant (1) had a previous felony conviction, (2) knew he had a prior felony conviction, (3) knowingly possessed a firearm, and (4) the firearm traveled in or affected interstate commerce. Elements one and four were never seriously in dispute. The Government presented proof of knowing possession—the third element––by presenting Conley's driver's license, which established that he lived where the drugs and firearms were found. *See United States v. Layne*, 192 F.3d 556, 572 (6th Cir. 1999) (holding that constructive possession is established by proof that the defendant has dominion over the premises where the firearms are found). And, as explained above, the jury was entitled to infer knowledge of prohibited status—the second element—from Conley's stipulation that he had a prior felony conviction. The recorded calls with Conley's father further suggested that the guns were Conley's and that he knew that he was not supposed to have them. In short, there was more than sufficient evidence to support the conviction.

**C.**

Conley argues that trial counsel was deficient for failing to object to evidence under Federal Rule of Evidence 403 and failing to move for acquittal at the close of the Government's proof. However, we typically do not address ineffective assistance of counsel claims on direct appeal because the record bearing on that allegation has not yet been sufficiently developed. *See United*

*States v. Franco*, 484 F.3d 347, 354 (6th Cir. 2007).  We therefore decline to review Conley's ineffective assistance arguments at this juncture because he can raise them in a § 2255 motion. Although he has already successfully brought one § 2255 motion, he should not be precluded from filing another one that will be treated as a second or successive petition, because "a petition filed after a remedial appeal, ordered in response to an earlier petition, is not second or successive within the meaning of § 2244(b)[.]" *Storey v. Vasbinder*, 657 F.3d 372, 378 (6th Cir. 2011).

## III.

For these reasons, we **AFFIRM** the judgment of the district court.