RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0128p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

LEON WARD,

*Defendant-Appellant*.

Nos. 19-5747/5751

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
Nos. 2:18-cr-20239-1; 2:18-cr-20055—John Thomas Fowlkes, Jr., District Judge.

Decided and Filed:  April 30, 2020

Before:  BOGGS, GRIFFIN, and READLER, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Needum L. Germany, FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant.  Kevin G. Ritz, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

BOGGS, Circuit Judge.

A jury convicted Leon Ward of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Ward now appeals, arguing that his conviction was improper under *Rehaif v. United States* because neither the indictment nor the jury instructions in his case charged that he "knew he belonged to the relevant category of persons barred from possessing a

firearm." 139 S. Ct. 2191, 2200 (2019).  In the alternative, he argues that the evidence presented at trial was insufficient to support his conviction.  We affirm.

I

On the evening of May 27, 2017, police officers responded to reports of a shooting on Clovia Lane in Memphis, Tennessee.  When the officers arrived, witnesses told them that Leon Ward had pulled up in a blue Chevrolet Impala and had fired shots at several individuals gathered in a yard outside one of the houses on the street.  Ward then got out of the car and continued shooting, which prompted several of the individuals to return fire.  The witnesses then directed the officers to another house, where the officers found Ward inside the kitchen with a severe gunshot wound to his leg.  Ward was transported to a hospital.  Officers subsequently found an empty, silver and black Springfield Armory XD .40-caliber pistol on the front lawn of the house next to the house where they had found Ward.  They also found several spent .40-caliber shell casings in the area.  After checking the serial number of the gun, the officers learned that it had been reported stolen a month earlier.  A little over two weeks after this incident, on June 13, 2017, Ward—who at the time was still on crutches—was arrested for trying to rob a CVS pharmacy.

Ward has two prior felonies.  In 2007, he was convicted in state court of aggravated robbery and subsequently served two and a half years in prison before being paroled.  In 2011, he was convicted in federal court of brandishing a firearm during a robbery and was sentenced to seven years in federal prison before being released in December of 2016.  Ward pleaded guilty in both instances.  At the time of his arrest for the attempted robbery at the CVS, Ward was still on supervised release from his federal conviction.

The government subsequently brought two indictments against Ward.  One indictment charged Ward with being a felon in possession of a firearm based on his activities on May 27, in violation of 18 U.S.C. § 922(g)(1).  The other indictment charged Ward for his attempted robbery of the CVS, in violation of 18 U.S.C. § 1951, and for brandishing a firearm during that robbery, in violation of 18 U.S.C. § 924(c).  Ward later pleaded guilty to the robbery charge in exchange for the government dropping the accompanying § 924(c) count.

Ward went to trial on the felon-in-possession count, where he stipulated to the fact that he had a prior felony. Witnesses at trial testified that Ward had actually been involved in *two* shootings on May 27. One witness, a postal worker, testified that she was delivering mail on Clovia Lane that morning and saw Ward sitting with another man at a table outside one of the houses. Another man, later identified as Monterrio Pipkins, came out of a neighboring house and started talking to Ward and his companion. Ward then pulled out a gun and started shooting at Pipkins. Pipkins ran back inside the house, and Ward and his companion got into a blue Chevrolet Impala and drove away.

Other witnesses testified that Ward then returned to Clovia Lane that evening, prompting a second round of shooting. The witnesses testified that, at around 7:30 p.m., Ward and his companion pulled up in the same blue Impala, and Ward pointed a silver and black .40-caliber gun out of the window and started shooting in the direction of several individuals—one of whom was Pipkins—who were gathered in a yard. Two witnesses testified that they were sure that the man they saw pointing a silver and black gun out of the car was Ward. A third witness testified that although he could not identify the man who had pointed the silver and black gun out of the car, he knew that the car belonged to Ward. The jury convicted Ward of the felon-in-possession charge. He was subsequently sentenced to 115 months of imprisonment each on the felon-in-possession count and the robbery count, to be served concurrently.

II

Ward's primary argument on appeal relies on the Supreme Court's opinion in *Rehaif v. United States*, which held that, in an 18 U.S.C. § 922(g) prosecution, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Ward was convicted before *Rehaif* was decided, but now argues that his conviction should be overturned because neither the indictment nor the jury instructions included the knowledge-of-status element.

Since Ward did not challenge his indictment or his jury instructions below, we review for plain error. *United States v. Hobbs*, ___F.3d___, 2020 WL 1316560, at *2 (6th Cir. Mar. 20,

2020). To succeed, Ward must demonstrate that there was an "(1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (en banc) (citation and internal quotation marks omitted). For an error to have affected a defendant's substantial rights, there must be "'a reasonable probability that, but for the error,' the outcome of the proceeding would have been different[.]" *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1343 (2016) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 82 (2004)).

A

Ward first challenges his indictment, which alleged that Ward, "having previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, that is, a Springfield Armory .40 caliber pistol, in violation of Title 18, United States Code, Section 922(g)(1)." Ward argues that the indictment failed to properly charge a violation of 18 U.S.C. § 922(g) because it did not include a knowledge-of-status element.

However, this argument fails because "the requirement that an indictment allege all of the elements of the offense charged . . . seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense." *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002). Here, "no contemporaneous evidence suggests that" Ward was unable to present an adequate defense or was otherwise not put on notice of the crime that he was charged of committing. *Hobbs*, ___ F.3d ___, 2020 WL 1316560, at *2. Before *Rehaif*, Ward's indictment would certainly have been sufficient to allege a violation of § 922(g) because its language mirrors that of the statute and includes specific details of the alleged violation. And although it is understandable that Ward did not contest the indictment at the time because *Rehaif* had not yet been decided, that does not necessarily mean that his substantial rights were affected. *See United States v. Martinez*, 981 F.2d 867, 872 (6th Cir. 1992) (noting that failure to allege scienter does not necessarily render the indictment deficient). Indeed, the fact that the defendant in *Rehaif* ultimately prevailed at the Supreme Court demonstrates that Ward could have made a similar objection to the indictment's omission

of a knowledge-of-status element, but failed to do so.  An indictment that was not challenged below "is 'construed liberally in favor of its sufficiency,'" *United States v. Olive*, 804 F. 3d 747, 752 (citation omitted), and nothing here indicates that "the indictment cannot within reason be construed to charge a crime." *United States v. Gatewood*, 173 F.3d 983, 986 (6th Cir. 1999) (citation omitted).

B

Next, Ward contends that his conviction should be overturned because the district court failed to instruct the jury of the knowledge-of-status element.  This argument also fails.

The facts in the record do not suggest that had the jury been required to find that Ward knew he was a felon, that outcome of the proceeding would have been different.  First, Ward stipulated at trial to the fact that he "was a convicted felon on and prior to the date of the charged conduct[.]"  "Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *United States v. Conley*, ___ F. App'x ___, 2020 WL 571324 at *2 (6th Cir. Feb. 5, 2020).

Second, Ward offers no reason that, if the government had been required to prove his knowledge of his felony status, it would have been unable to do so.  The record indicates that Ward has two prior felony convictions (one state, one federal).  He pleaded guilty in both instances and served a total of over six years in prison.[1]  At the time of his arrest in the instant case, he was still on supervised release from his federal felony.  Pursuant to *Old Chief v. United States*, 519 U.S. 172, 191–92 (1997), the government was prohibited from introducing any evidence of these felonies because of Ward's stipulation.  But it would not have been similarly prohibited had Ward actually contested the knowledge-of-status element.  This is not an instance in which Ward's felony status was "hotly contested." *See United States v. Balde*, 943 F.3d 73, 97 (2d Cir. 2019).  Instead, the record "reveals no reason to think that the government would have had any difficulty at all in offering overwhelming proof that [Ward] knew that he" was a felon. *United States v. Burghardt*, 939 F.3d 397, 404 (1st Cir. 2019).  We thus join several other

---

[1]As a reviewing court, we "may consult the whole record when considering the effect of any error on substantial rights." *United States v. Vonn*, 535 U.S. 55, 59 (2002).

circuits that have similarly held that, where there is clear evidence in the record from which to infer that the defendant knew he was a felon, failure to instruct the jury does not affect the defendant's substantial rights or the fairness or integrity of the proceedings. *See United States v. Miller*, ___F.3d___, 2020 WL 1592254, at *4 (2d Cir. Apr. 2, 2020); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019); *United States v. Hollingshed*, 940 F.3d 410, 416 (8th Cir. 2019); *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019).

III

Ward also contends that the evidence presented at trial was insufficient to support his conviction. When reviewing the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). In making a sufficiency-of-the-evidence determination, we must draw all reasonable inferences in favor of the government, and we will not "weigh the evidence, consider the credibility of witnesses, or substitute [our] judgment for that of the jury." *United States v. Ferguson*, 23 F.3d 135, 140 (6th Cir. 1994). A reversal is warranted "only if, viewing the record as a whole, the judgment is not supported by substantial and competent evidence." *United States v. Blakeney*, 942 F.2d 1001, 1010 (6th Cir. 1991).

To obtain a conviction under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that: (1) the defendant was a felon; (2) the defendant knew he was a felon (from *Rehaif*); (3) the defendant knowingly possessed a firearm; and (4) that the firearm had traveled through interstate commerce. *Rehaif*, 139 S. Ct. at 2200. Here, the only elements in dispute are whether the jury could reasonably have found that Ward possessed the gun, and that he knew he was a felon when he possessed it.

The trial record demonstrates that there was ample evidence from which the jury could have inferred that Ward knowingly possessed the gun. Two witnesses testified that they saw Ward point a silver and black .40-caliber gun out of his blue Impala and fire shots at individuals on Clovia Lane. Another witness testified that he saw a man point a silver and black gun out of the car window, and that he knew the car to belong to Ward. The descriptions of the gun

matched the gun that officers later recovered in the yard of the house next to the house where Ward was arrested. Although the officers did not arrest Ward with the gun, the jury could have credited the statements from the witnesses and believed their descriptions of a gun that matched the one recovered close to Ward. Drawing all reasonable inferences in favor of the government, as we must in a sufficiency-of-the-evidence review, we find that the evidence was sufficient for a rational juror to conclude that Ward had possessed a firearm on the date in question.

A rational juror could also have inferred that Ward knew he was a felon when he possessed the gun. As discussed earlier, Ward made an *Old Chief* stipulation at trial, pursuant to which he acknowledged that he "was a convicted felon on and prior to the date of the charged conduct[.]" Ward's lawyer also told the jury that Ward was "stipulating that he has a felony. So you can check that one off the box." The jury could have inferred from these statements that Ward also knew that he was a felon. *See Conley*, ___F. App'x___, 2020 WL 571324 at *3.

\* \* \*

For the foregoing reasons, we AFFIRM the judgment of the district court.