NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0194n.06

Case No. 20-5214

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Apr 15, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff - Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| TYRONE TODD, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant - Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: GIBBONS, WHITE, and READLER, Circuit Judges.

JULIA SMITH GIBBONS, Circuit Judge. Tyrone Todd appeals his convictions for making a false statement to obtain a firearm and being a felon in possession of a firearm. He argues that he is entitled to a new trial under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the district court failed to instruct the jury on his knowledge of felony status. Todd also challenges the sufficiency of the evidence to support his convictions. Because the *Rehaif* error was harmless and the evidence was sufficient to support his convictions, we affirm.

I.

On April 18, 2008, Tyrone Todd entered a nolo contendere plea in Mississippi state court to the felony charge of burglary of a dwelling and was given a suspended sentence of ten years. On July 11, 2016, Todd went to purchase a gun. The store manager gave Todd a copy of Bureau of Alcohol, Tobacco, Firearms and Explosives Form 4473 to complete, which asked if Todd had ever been convicted in any court of a felony, or any other crime, punishable by imprisonment for

more than one year, even if he received a lesser sentence including probation. Todd answered "no" to the question. The Tennessee Bureau of Investigation conducted a background check and denied Todd's request for a firearm. Todd appealed the decision, and the bureau issued a "conditional proceed." Todd purchased the firearm, an AK-47 pistol, a few weeks later. Federal agents later contacted Todd to recover the firearm.

On June 3, 2018, officers responded to a call for aggravated assault at Todd's home, which he shared with his girlfriend. The officers recovered a second firearm, a Smith & Wesson pistol, from the scene.

Todd was charged with one count of making a false statement in order to purchase a firearm, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2), and two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The first firearm possession charge was for Todd's possession of the AK-47 pistol purchased from the pawn store in 2016, and the second charge was for Todd's possession of the Smith & Wesson pistol recovered during the police call in 2018.

The jury found Todd guilty on all three counts. The district court sentenced Todd to 30 months' imprisonment for each count, to run concurrently. Todd then filed this timely appeal.

II.

Todd argues that he should receive a new trial because the indictment and jury instructions on the gun possession charges failed to specify that Todd knew of his status as a felon, as required by the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). *Rehaif* held that in an 18 U.S.C. § 922(g) prosecution, "the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200. Although neither the indictment

nor the jury instructions included the required knowledge-of-status element, the error was harmless and did not affect Todd's substantial rights or the fairness of the proceedings.

A.

Objections to the sufficiency of an indictment must be raised before trial. Fed. R. Crim. P. 12(b)(3)(B). When, as here, the defendant made no objection to the indictment before the district court, we review the sufficiency of the indictment for plain error, *United States v. Howard*, 947 F.3d 936, 942–43 (6th Cir. 2020), even in cases where *Rehaif* had not yet been decided, *United States v. Ward*, 957 F.3d 691, 694 (6th Cir. 2020). "Thus, we will reverse only if we find (1) error, (2) that was plain or obvious, (3) that affected the defendant's substantial rights, as well as (4) the fairness of the judicial proceedings." *United States v. Conley*, 802 F. App'x 919, 922 (6th Cir. 2020).

Although the indictment lacked the required knowledge-of-status element, the omission did not affect Todd's substantial rights or the fairness of the proceeding. We have already rejected a challenge to an identical indictment for § 922(g)(1) violations because there was no evidence that the defendant had been "unable to present an adequate defense or was otherwise not put on notice of the crime that he was charged of committing." *Ward*, 957 F.3d at 694. "[T]he requirement that an indictment allege all of the elements of the offense charged . . . seeks primarily to ensure that an accused is reasonably informed of the charge made against him so that he can prepare a defense." *Id.* (quoting *United States v. Cor-Bon Custom Bullet Co.*, 287 F.3d 576, 580 (6th Cir. 2002)). Todd mounted a robust defense at trial to the firearm possession charges and even sought to argue—although the district court prevented him from doing so—that he could not be guilty because he was unaware of his status as a felon. We construe an indictment not challenged before the district court "liberally in favor of its sufficiency," and "nothing here

indicates that the indictment cannot within reason be construed to charge a crime." *Id*. at 695 (internal citations and quotations omitted).

B.

While the government suggests that plain error controls with respect to the jury instructions as well, Todd's argument fails under even the more forgiving harmless error standard. An error is harmless when the government demonstrates "beyond a reasonable doubt" that "a reasonable jury would have reached the same verdict without the error." *United States v. Maslenjak*, 943 F.3d 782, 786 (6th Cir. 2019).

In light of *Rehaif*, it was error for the district court not to include a knowledge-of-status element in the jury instructions. But any error was harmless. *See Maslenjak*, 943 F.3d at 786; *Rehaif*, 139 S. Ct. at 2198 ("[K]nowledge can be inferred from circumstantial evidence." (quoting *Staples v. United States*, 511 U.S. 600, 615 n.11 (1994))). "[D]espite the district court's jury instructions that now would be considered improper, it is clear that the jury based its verdict on the § 922(g) counts of the superseding indictment on evidence indicating that [Todd] was aware that he was not allowed to be in possession of a firearm." *United States v. Hall*, 829 F. App'x 699, 708 (6th Cir. 2020); *cf. Matthews v. United States*, No. 19-2091, 2020 WL 2614619, at *2 (6th Cir. Jan. 6, 2020) (government must prove that defendant "knew he belonged to the relevant category of persons barred from possessing a firearm," but need not prove that defendant specifically "knew he was prohibited from possessing firearms"). The first count in the indictment, making a false statement to obtain a firearm, required proof that the defendant "knowingly" made the false statement. 18 U.S.C. § 922(a)(6). The government's theory was that Todd falsely stated on the gun purchase form that he had not been convicted of a felony. Thus, as the district court

recognized, Todd could defend against the charge of making a false statement by arguing that he was not aware that he was convicted of a felony.

And Todd presented that exact defense. He took the stand at trial to assert that he did not understand himself to be a convicted felon. He moved for acquittal both at the end of the government's proof and at the end of all proof, citing his lack of knowledge of status as the sole reason for acquittal on the false statement count. At closing argument, Todd rested the entirety of his defense to the false statement charge on the assertion that the government "could not prove" that "Todd knew that he was a convicted felon at the time that he applied to get the original pistol." DE 130, Trans., Page ID 507. The government vigorously contested that argument and contended that the evidence reflected that Todd "knew he was a felon." *Id.* at 514. The jury adopted the government's version of events and found Todd guilty of making a false statement. By necessary implication, the jury concluded that Todd knew that he was convicted of a felony. If Todd knew he had been convicted of a felony when filling out the form, he surely still knew that days later when he picked up the first firearm. Todd even signed a recertification that his answers on the form were still true at that time.

Todd possessed the second firearm on June 3, 2018, nearly two years after he falsely stated that he has not been convicted of a felony and about six weeks after he completed his suspended sentence on the 2008 felony. Perhaps in another case a jury could conclude that the defendant knew that he was convicted of a felony at one point in time but no longer knew of his conviction at another. That is not this case.

We have held that "[a]lthough the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it." *Ward*, 957 F.3d at 695 (quoting *Conley*, 802 F. App'x. at 923). While Todd never stipulated to committing a felony, the

jury concluded that he both committed a felony in 2008 and that he knew, as of 2016, of his prior felony conviction. *See Hall*, 829 F. App'x at 708 (considering jury's "aware[ness] that [the defendant] knew in 2018 that he was not permitted to possess a firearm"). The jury also heard evidence that in 2008, Todd petitioned the Mississippi court to plead nolo contendere to burglary of a dwelling, a felony in Mississippi. At sentencing in that case, Todd was informed that the court could sentence him up to 25 years in prison, regardless of the terms of his plea. Todd then signed a document titled "Felony Conviction Sentencing Order" affirming that he understood the conviction, suspended ten-year sentence, and that he could "not own, carry or conceal a firearm." DE 68-2, Order, Page ID 120–122. Taken together, the government has demonstrated "beyond a reasonable doubt" that "a reasonable jury would have reached the same verdict" had the jury been instructed on the knowledge-of-status element. *Maslenjak*, 943 F.3d at 786. The instructional error was harmless.

### III.

Todd also challenges the sufficiency of the evidence to support his convictions. Todd raises the same argument that he raised before the district court: that he could not be a convicted felon because the Mississippi felony of which he had been convicted in 2008 was "illegal[ly]" the result of a nolo contendere plea, which Todd argues Mississippi does not permit for felonies. CA6 R. 53, Appellant's Br., at 11.

Although "[g]enerally, a *nolo* plea is not available for felonies in Mississippi," "a defendant waives any objections to its use when he (1) knowingly and intelligently requested permission to plead *nolo*, and (2) understood that the court considered it the equivalent of a guilty plea and could sentence him to the penitentiary." *Welch v. State*, 958 So. 2d 1288, 1289 (Miss. Ct. App. 2007). Todd petitioned the court to plea nolo contendere. As the district court correctly pointed out, the

plea colloquy at Todd's sentencing—in which Todd expressly stated that he was making the plea "freely and voluntarily"—demonstrated that Todd entered a knowing and voluntary nolo contendere plea to burglary. CA6 R. 55, Appx., at 55. Todd also signed a "Felony Conviction Sentencing Order," which stated that Todd had "pled nolo contendere[] burglary of a dwelling" and ordered a ten-year suspended sentence. DE 68-2., Order, Page ID 120–124.

"Once accepted," a nolo plea is treated "as a guilty plea," meaning that the defendant "waives the right to contest the truth of the charge, and the defendant submits to the punishment." *Welch*, 958 So. 2d at 1289 (internal citations and quotations omitted). Thus, Todd waived any objection to the nolo contendere plea. And a conviction resulting from a no-contest plea is admissible to prove the fact of conviction. *United States v. Johnson*, 803 F.3d 279, 283 (6th Cir. 2015).

Todd also states that the evidence supporting his convictions was insufficient because he would not have been convicted if other evidence had been introduced at trial. By asserting that certain exhibits should have been introduced at trial but were not, Todd's argument is more akin to an ineffective assistance of counsel claim, which we generally do not review for the first time on direct appeal. *United States v. Wallace*, 832 F. App'x 949, 953–54 (6th Cir. 2020). "Given the importance of developing an adequate factual record, an ineffective assistance of counsel claim is best brought in a post-conviction proceeding under 28 U.S.C. § 2255." *Id.* (citing *United States v. Daniel*, 956 F.2d 540, 543 (6th Cir. 1992)). If Todd wishes to press a claim of ineffective assistance of counsel, he may do so through a post-conviction motion pursuant to § 2255.

IV.

We affirm Todd's convictions for the reasons stated.